JOURNAL ENTRY AND OPINION
Rayshawn Smith appeals from a judgment of the common pleas court entered pursuant to a jury verdict finding him guilty of possession of crack cocaine. On appeal, Smith argues both that the state failed to present sufficient evidence of his guilt and that his conviction is against the manifest weight of the evidence. After careful review, we reject these contentions and affirm the judgment of the court.
The facts of this case are not disputed. On March 29, 1999, Officers Wondrak, Durbin, and Negron patrolled the vicinity of East 116th and Regalia, an area where the police had received many citizen complaints for drug activities and where the police had made several drug-related arrests. About 9:30 p.m., the officers noticed a red Pontiac Bonneville, parked near the curb on East 116th, with two males seated in the front seat and one in the back seat. The officers observed people coming to the driver's side window, exchanging items and leaving quickly. Because the officers considered this type of conduct to be consistent with drug activities, Officer Wondrak approached the driver, later identified to be Larry Johnson, while Officer Negron walked to the front passenger's side, where Rayshawn Smith sat. As he approached, Officer Wondrak observed the front seat occupants lean forward toward the car's ashtray, and that when asked for his driver's license Johnson seemed nervous and fidgety. Officer Wondrak requested Johnson to exit the vehicle and patted him down for safety. He then arrested Johnson, handcuffed him and put him in the back seat of the zone car on the driver's side. Officer Durbin arrested the back seat passenger, Lavelle Smith, handcuffed him, and put him in back seat of the zone car on the passenger's side. Officer Negron removed Rayshawn Smith from the car, patted him down for safety and, finding nothing on his person, handcuffed him and placed him at the back of the zone car next to Johnson.
The officers then searched the suspect's car and discovered a plastic bag with cocaine residue in the front ashtray as well as a marijuana blunt in the rear ashtray. Officer Lipscomb arrived to assist in transporting the suspects, all of whom were transferred to his car. Officer Lipscomb then checked the back seat of the zone car where the suspects had been, to determine if contraband had been left behind. He lifted the rear bottom seat where the three men had been sitting and discovered two plastic bags of crack cocaine totaling 7.71 grams in the space between where Johnson and Rayshawn Smith sat. Officers Negron, Durbin, and Wondrak all testified that the zone car had been checked thoroughly prior to the shift change to assure that it contained no contraband, and that no suspects had been placed inside the car prior to these arrests.
The grand jury returned an indictment against Rayshawn Smith and Lavelle Smith for possession and preparation of drugs for sale and a separate indictment against Larry Johnson for the same offenses. The state dismissed the charges against Lavelle Smith prior to trial and the court tried Smith and Johnson together. During trial, the state nolled the charge of preparation of drugs and proceeded solely on the possession charge. The four officers involved in the investigation testified for the state, and Smith and Johnson rested without presenting any evidence. In its instruction to the jury, the court charged as follows::
 Joint Possession. Two or more persons may have possession if together they have the ability to control it exclusive of others. Ownership is not necessary. A person may possess or control property belonging to another. Possess or possession means having control over a thing or substance but may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found.
Thereafter, the jury returned a verdict of guilt against both Smith and Johnson for possession of crack cocaine. The court then sentenced Smith to a term of two years incarceration. Smith now separately appeals and raises two assignments of error, which we consider together.
 I. THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION FOR ACQUITTAL WHEN THE STATE FAILED TO PRESENT SUFFICIENT EVIDENCE THAT HE POSSESSED THE CONTRABAND IN QUESTION.
 II. THE APPELLANT'S CONVICTION FOR POSSESSION OF DRUGS IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AS THE STATE FAILED TO PROVE BEYOND A REASONABLE DOUBT THAT THE APPELLANT JOINTLY POSSESSED THE CONTRABAND IN QUESTION.
Smith argues that because there existed no evidence specifically linking him to possession of the crack cocaine except his mere presence at the scene where the police found the cocaine, the state failed to present sufficient evidence to establish that he possessed the cocaine, and furthermore, the jury convicted him against the manifest weight of the evidence. The state asserts that sufficient circumstantial evidence supports that Smith and Johnson jointly possessed the cocaine and that Smith's conviction is not against the manifest weight of the evidence.
The issues then presented for review concern whether sufficient evidence supported Smith's guilt and whether the jury convicted him against the manifest weight of the evidence.
As to the claim of insufficient evidence, Crim.R. 29(A) states, in relevant part:
 The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses.
The test for sufficiency raises a question of law to be decided by the court before the jury may receive and consider the claimed offense. In State v. Martin (1983), 20 Ohio App.3d 172, the court summarizes the standard of review for an insufficiency claim:
 * * * [T]he test is whether after viewing the probative evidence and inferences reasonably drawn therefrom in the light most favorable to the prosecution, any rational trier of fact could have found all the essential elements of the offense beyond a reasonable doubt. The claim of insufficient evidence invokes an inquiry about due process. It raises a question of law, the resolution of which does not allow the court to weigh the evidence. (Citations omitted.)
Because Smith denies possession of the drug in question, we begin our analysis by examining the legal definitions of possession as they relate to this case.
R.C. 2925.01(K) states:
 "Possess" or "possession" means having control over a thing or substance but may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found.
We further note that possession of a drug includes possessing individually, or jointly with another person. Joint possession exists when two or more persons together have the ability to control an object, exclusive of others. See 4 OJI 409.50. Finally, as the court instructed in State v. Jenks (1991), 61 Ohio St.3d 259, 272, [c]ircumstantial evidence and direct evidence inherently possess the same probative value.
Here, the police found the defendants' car in an area of high drug activities; the officers observed Smith and his co-defendant conducting themselves in a manner consistent with drug activities prior to their arrest; as the officers approached, the suspects leaned toward the front ashtray, where the police later recovered a bag with cocaine residue; and finally, the officers found the bags of crack cocaine hidden beneath the seat where Smith and Johnson sat immediately prior to its discovery. We recognize that possession of a drug may not be inferred solely from the occupation of a premise where the contraband is found. See R.C. 2925.01(K). However, the state in the instant case presented additional circumstantial evidence for a trier of fact to infer Smith's possession of the crack cocaine. Specifically, we have concluded that a trier of fact could have, on the basis of the circumstantial evidence presented, found beyond a reasonable doubt that Smith and Johnson, together, had control over the cocaine, exclusive of others. We have decided therefore that sufficient evidence existed to sustain Smith's conviction in this instance.
Only after the court resolves the question concerning the sufficiency of the evidence, can it proceed to review whether the judgment is against the manifest weight of the evidence. This involves a different test. In Martin, the court reiterates the standard of review for a manifest-weight claim:
 * * * We next consider the claim that the judgment was against the manifest weight of the evidence. Here the test is much broader. The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.
Here, the state presented evidence that as the officers approached, Smith and Johnson were seen motioning toward the front ashtray, where the police later found a plastic bag with cocaine residue.The record also indicates that the police uncovered two bags of crack cocaine in the area which Smith and Johnson occupied immediately before its discovery, and that the said area had been checked for contraband prior to Smith and Johnson's arrests. Smith, on the other hand, presented no evidence to show that he had not engaged in collaborative efforts with Johnson for joint control of the crack cocaine. Therefore, after reviewing the entire record, weighing the evidence and all reasonable inferences, and considering the credibility of the witnesses, we are not persuaded that the jury clearly lost its way and created such a manifest miscarriage of justice requiring that Smith's conviction be reversed and a new trial ordered. This is not an exceptional case where the evidence weighs heavily against the conviction, warranting the exercise of discretion to grant a new trial. Accordingly, these assignments of error are overruled and the judgment of the trial court is affirmed.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ________________________ JUDGE TERRENCE O'DONNELL
MICHAEL J. CORRIGAN, P.J. and ANNE L. KILBANE, J. CONCUR.